IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRELL E. PARSLEY, <br><br>   Plaintiff <br> v. <br><br> BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company, <br><br>   Defendant | NO. <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, DARRELL E. PARSLEY, and sues the Defendant, BNSF RAILWAY COMPANY, for a sum in excess of FIVE HUNDRED THOUSAND & 00/100 DOLLARS, and alleges:

### JURISDICTIONAL ALLEGATIONS

1.  This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701 et seq., which grants this Court jurisdiction over this action.

2.  Plaintiff, Darrell E. Parsley, is an adult individual residing at 7621 E. Indiana Avenue, Spokane, WA 99212.

3.  Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe

COMPLAINT - 1

Railway, successor in interest to Burlington Northern Railroad and the Atchison, Topeka and Santa Fe Railway, amongst others, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

4. The events giving rise to the claim asserted by Plaintiff herein occurred at least in part within the geographic jurisdiction of this Court, and therefore, venue in this Court is proper.

## COUNT 1- NEGLIGENCE

5. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

6. From March 1978 to August 1991 Plaintiff was employed by BNSF Railway Company, or its predecessor in interest, as a switchman and brakeman, who was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, including but not limited to Spokane and Yakima, Washington, Plaintiff was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, benzene, creosote and asbestos dust and fibers.

8. Specifically, while riding in locomotives, Plaintiff was exposed to diesel fuel/fumes/exhaust and benzene from the locomotive's exhaust, and asbestos dust from locomotive

COMPLAINT - 2

insulation and brake shoes. While walking on the rights-of-way inspecting cars, tying on and releasing freight car brakes, cutting and coupling cars and lacing air hoses, Plaintiff was exposed to creosote from the rail ties.

9. Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of esophageal cancer.

10. Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

11. The Plaintiff's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

12. Defendant's negligence consisted of:

(a) Failing to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

(b) Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

(c) Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(d) Failing to engage in follow up monitoring of its facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(e) Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, buildings, and right of ways

COMPLAINT - 3

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

(f) Failing to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

(g) Failing to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(h) Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

(i) Failing to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

(j) Failing to provide locomotives with adequate and/or functional ventilation that should have filtered the air for toxins and carcinogens;

(k) Failing to utilize low emissions fuel such as bio-diesel for its locomotives; and

(l) Failing to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

13. The Locomotive Inspection Act, 49 USC § 20701 requires that locomotives are in proper condition and safe to operate without unnecessary danger of personal injury.

14. Instantly, the Defendant failed to provide the Plaintiff with locomotives that had proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel fumes, dust, fibers and toxins to accumulate and, subsequently, be inhaled by the Plaintiff.

15. Generally, the railroad was in violation of 49 CFR § 229.7 which prohibits railroads from using any locomotive that "is not in proper condition or safe to operate without unnecessary peril to life or limb" and 49 CFR § 229.45 which states, in part, that "all systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train".

COMPLAINT - 4

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491

Furthermore and more specifically, the railroad was in violation of 49 CFR 229.43(a) that states that: "Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions."

16. Additionally, the railroad failed to: install proper engine exhaust filters; utilize low emissions fuel such as bio diesel and; mandate cleaner burning engines from the locomotive manufacturers.

17. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

18. As a direct result of the negligence of the Defendant, the Plaintiff experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

19. As a result of the negligence of the Defendant, Plaintiff sustained a loss of income, benefit and future income and benefits.

20. Plaintiff suffers from a fear of death as a result of his cancer.

21. Plaintiff seeks all damages recoverable under the FELA.

22. Plaintiff was never informed as to the cause of his cancer.

23. Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, Darrell E. Parsley, demands judgment against the Defendant,

COMPLAINT - 5

BNSF, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

Dated this 14th day of May, 2021.

*/s/ Wayne Mitchell*
Wayne Mitchell, WSBA #24347.
Anderson & Mitchell, PLLC
100 S King Street, Suite 560,
Seattle, WA 98104
Telephone: 206-436-8490
Email: wayne@andersonmitchell.com
Attorneys for Plaintiff

COMPLAINT - 6

Anderson & Mitchell, PLLC
100 S. King St., Suite 560
Seattle, WA 98104
Phone: (206) 436-8490
Fax: (206) 436-8491