MICHAEL CHAIT
MONTGOMERY SCARP & CHAIT PLLC
17600 VASHON HWY SW SUITE 105
PO BOX 1977
VASHON, WA 98070
(206) 625-1801

STEVEN T. WILLIAMS, *pro hac vice*
KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRELL E. PARSLEY,<br><br>    Plaintiff,<br><br>        v.<br><br>BNSF RAILWAY COMPANY, f/k/a Burling Northern and Santa Fe Railway Company,<br><br>    Defendant. | No. 2:21-cv-00165-RMP<br><br>**DEFENDANT BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR: January 3, 2022<br><br>Without oral argument |

COMES NOW Defendant, BNSF Railway Company ("BNSF"), by and through its counsel of record, Knight Nicastro MacKay, LLC and Montgomery Scarp & Chait PLLC, and hereby submits its *Motion for Summary Judgment and Brief in Support*, pursuant to Fed. R. Civ. P. 56 as follows:

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 1
[2:21-cv-00165-RMP]

**MONTGOMERY SCARP & CHAIT PLLC**
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807

## **MOTION**

Plaintiff Darrell Parsley ("Plaintiff"), a former employee at BNSF Railway Company, filed this lawsuit alleging that during the course of his career at BNSF he was exposed to toxins that caused or contributed to him to contracting esophageal cancer.

BNSF served discovery requests on Plaintiff, including requests for admission on August 4, 2021. To date, Plaintiff has failed to respond to BNSF's discovery, including BNSF's request for admission. As such, pursuant to Federal Rule of Civil Procedure 36(a)(3), BNSF's requests are deemed admitted.

Plaintiff's admissions demonstrate that there is no disputed material fact as to the key allegations of this case, release BNSF from Plaintiff's claims of liability in this matter, and warrant the dismissal of Plaintiff's case.

## **BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

### I.     BACKGROUND

Plaintiff, a former BNSF employee, filed this lawsuit pursuant to the Federal Employers Liability Act (FELA), and the Locomotive Inspection Act (LIA). SUF Nos. 1-2. Plaintiff was employed by BNSF in Washington and alleges that he was exposed to various toxic substances over the course of his career that caused him to contract esophageal cancer. SUF Nos. 2-4.

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 2
[2:21-cv-00165-RMP]

**MONTGOMERY SCARP & CHAIT PLLC**
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807

On August 4, 2021, BNSF served Plaintiff with discovery requests, including requests for admission. SUF No. 5. To date, Plaintiff has not submitted responses to any of BNSF's discovery requests making them admitted. SUF No. 6.

Included within these admissions are statements that no medical provider has linked his illness to his claimed workplace exposures, that Plaintiff has no evidence to support his claim that his illness was caused by the substances alleged in his complaint, that BNSF provided Plaintiff with a reasonably safe place to work, and that Plaintiff has no evidence to support his lawsuit. SUF No. 7.

## II.    LEGAL ANALYSIS

### A. Summary Judgment Standard

Motions for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion, as the "requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 3
[2:21-cv-00165-RMP]

**MONTGOMERY SCARP & CHAIT PLLC**
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807

Once the movant demonstrates the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the non-moving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *see also Duncan v. Rockwell Manu. Co.*, 567 P. 2d 936, 938 (1977) (burden on party opposing summary judgment when movant presents evidence revealing no genuine issue of material fact is "as substantial as that initially imposed upon movant"). To defeat the entry of summary judgment, the evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49.

## B. Plaintiff's Admissions Warrant Summary Judgment

Under Federal Rule of Civil Procedure 36(a), "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." Failure to timely respond to requests for admissions results in automatic admission of the matters requested. Fed. R. Civ. P. 36(a)(3). No motion to establish the admissions is needed because Rule 36(a) is self-executing. *See F.T.C. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 4
[2:21-cv-00165-RMP]

MONTGOMERY SCARP & CHAIT PLLC
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807

616, 621 (9th Cir. 2007); *see also Wilson v. JPMorgan Chase, N.A.*, No. 2:17-CV-00696-RAJ, 2020 WL 885971, at *5 (W.D. Wash. Feb. 24, 2020), *reconsideration denied*, No. 2:17-CV-00696-RAJ, 2020 WL 6262106 (W.D. Wash. Oct. 23, 2020) ("Once a matter has been deemed admitted under Rule 36, even by default, the court may not consider evidence that is inconsistent with the admission.") (internal citations and quotation marks omitted).

BNSF's requests for admission were submitted on August 4, 2021. It is now more than three months after the filing of these requests and no response has been made. Pursuant to Ninth Circuit case law, these requests for admission were deemed admitted on or about September 4, 2021. As part of these admissions, Plaintiff admitted that there is "no evidence to support your claim that your condition was caused in whole or in part by your work for BNSF." **Exhibit A**, No. 4. Plaintiff additionally has admitted that "BNSF and any other railroad that you worked for provided you with a reasonably safe place to work." *Id.*, No. 7.

Based on these admissions, Plaintiff is not able to meet his burden of proof under the FELA or the LIA. To this point, "in a FELA negligence case, the plaintiff bears the burden of proving the existence of a duty owed by the defendant (that is, conduct unreasonable in the face of a foreseeable risk of harm), a breach of that duty, causation, and damage." *Balsley v. BNSF Ry.*, 2010 U.S. Dist. LEXIS 123387, *8, 2010 WL 4857284 (W.D. Wash. Nov. 22, 2010) (citing to *Consolidated Rail*

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 5
[2:21-cv-00165-RMP]

MONTGOMERY SCARP & CHAIT PLLC
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807

*Corp. v. Gottshall*, 512 U.S. 532, 538, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994)). Due to these admissions, Plaintiff is not able to meet its burden to come forward with evidence supporting its prima facie case or creating a genuine issue of material fact in this matter.

## III.    CONCLUSION

Based on the foregoing, BNSF respectfully requests that the Court grant summary judgment in this matter.

DATED this 12th day of November 2021.

Montgomery Scarp & Chait PLLC

s/ *Michael Chait*
Michael Chait, WSBA # 48842
Attorney for BNSF Railway Company
17600 Vashon Hwy SW, Suite 105
Vashon, WA 98070
Tel. (206) 625-1801
Fax (206) 625-1807
mike@montgomeryscarp.com


KNIGHT NICASTRO MACKAY, LLC

s/ *Steven T. Williams*
Steven T. Williams- *pro hac vice*
Attorney for BNSF Railway Company
27 Shiloh Road, Suite 10
Billings, Montana 59106
williams@knightnicastro.com

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 6
[2:21-cv-00165-RMP]

**MONTGOMERY SCARP & CHAIT PLLC**
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this action.  I am the assistant to an attorney with Montgomery Scarp & Chait PLLC, whose address is 17600 Vashon Hwy SW, Suite 105, Vashon, Washington, 98070.

I hereby certify that a true and complete copy of *DEFENDANT BNSF RAILWAY COMPANY'S MOTION FOR SUMMARY JUDGMENT* has been filed with the United States District Court via the ECF system which gives automatic notification to the following interested parties:

Wayne Mitchell
**Anderson & Mitchell PLLC**
100 S. King St., Suite 560
Seattle, WA 98104

Jennifer Hoffman- *pro hac vice*
**Bern Cappelli, LLC**
101 West Elm St., Suite 520
Conshohocken, PA 19428

I declare under penalty under the laws of the United States of America and the State of Washington that the foregoing information is true and correct.

DATED this 12th day of November 2021 at Seattle, Washington.

s/ *Laura Meier*
Laura Meier, Paralegal

BNSF'S MOTION FOR SUMMARY
JUDGMENT- 7
[2:21-cv-00165-RMP]

**MONTGOMERY SCARP & CHAIT PLLC**
17600 Vashon Hwy SW, Suite 105
Mailing Address: PO Box 1977
Vashon, Washington 98070
Telephone (206) 625-1801
Facsimile (206) 625-1807