FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRELL E. PARSLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BNSF RAILWAY COMPANY, formerly known as Burlington Northern and Santa Fe Railway Company,<br><br>　　　　　　Defendant. | No.　2:21-cv-00165-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's BNSF Railway Company's Motion for Summary Judgment, ECF No. 14. Due to an alleged oversight, Plaintiff failed to timely respond to Defendant's requests for admission, thereby admitting several critical matters. After Defendant moved the Court for summary judgment based on these admissions, Plaintiff filed a motion seeking to withdraw his admissions and serve Defendant with responses. The Court permitted Plaintiff to withdraw his admissions, and he has served amended responses that create a genuine dispute of material fact in this matter. The Court therefore denies Defendant's motion for summary judgment.

//

ORDER DENYING MOTION FOR SUMMARY JUDGMENT – 1

**BACKGROUND**

Plaintiff Darrell Parsley is a former employee of Defendant BNSF Railway Company. ECF No. 1 at 2. Plaintiff filed suit on May 17, 2021, alleging that he was diagnosed with esophageal cancer due to toxin exposure caused by Defendant's failure to maintain a safe employment environment. *See generally id*. He asserts causes of action under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701, *et seq.* ECF No. 1 at 1.

This case, still in its infancy, was recently reassigned from Judge Peterson to this Court. ECF No. 20. On July 20, 2021, Judge Peterson issued a scheduling order establishing a discovery cut-off date of May 20, 2022. ECF No. 13 at 5. On August 3, 2021, Defendant served Plaintiff with requests for admission. *See* ECF No. 21-4. Due to what Plaintiff's counsel describes as a "clerical error," Plaintiff failed to serve a response within thirty days as required by Federal Rule of Civil Procedure 36. Thus, the matters were deemed admitted under the Rule. *See* Fed. R. Civ. P. 36.

Defendant then moved for summary judgment on November 12, 2021. ECF No. 14 at 2. The basis for Defendant's motion centers on Plaintiff's admissions. *Id.* at 2 ("Plaintiff's admissions demonstrate that there is no disputed material fact as to the key allegations of this case…."). Defendant highlights four critical admissions that allegedly demonstrate there is no genuine dispute of material fact:

ORDER DENYING MOTION FOR SUMMARY JUDGMENT – 2

(1) that no medical provider has linked Plaintiff's illness to his claimed workplace exposures, (2) that Plaintiff has no evidence to support his claim that his illness was caused by the substances alleged in his complaint, (3) that Defendant provided Plaintiff with a reasonably safe place to work, and (4) that Plaintiff has no evidence to support his lawsuit. *Id.* at 3.

Realizing his mistake, Plaintiff immediately (but belatedly) attempted to serve a response to Defendant's requests. Apparently unsuccessful, he then filed a motion seeking to withdraw and amend his admissions and attached the response he attempted to serve. ECF No. 21. Despite Defendant's objection, the Court granted Plaintiff's motion and directed him to serve the response to Defendant's requests for admission by no later than January 21, 2022. ECF No. 28.

## LEGAL STANDARD

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572

U.S. 650, 657 (2014). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.* Nevertheless, the nonmoving party may not rest upon the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

## DISCUSSION

Defendant's motion for summary judgment is based entirely on Plaintiff's admissions resulting from his failure to timely serve a response to Defendant's requests for admission. In particular, Defendant contends it is entitled to summary judgment because Plaintiff admitted that (1) no medical provider has linked his illness to his workplace exposures, (2) he has no evidence to support his claim that his illness was caused by the substances alleged in his complaint; (3) Defendant provided a reasonably safe workplace; and (4) Plaintiff has no evidence to support his lawsuit.

But the Court has permitted Plaintiff to withdraw and amend these admissions such that these critical issues are no longer deemed admitted. Plaintiff's belated response denies that he has no evidence to support his claim that his cancer was caused by the substances alleged in his complaint, denies that Defendant

provided a reasonably safe workplace, and denies that he has no evidence to support his lawsuit. ECF No. 21-4. Each denial is supported by specific facts that corroborate Plaintiff's position, creating a genuine dispute of material fact. Plaintiff does, however, admit that no medical provider has advised him that his cancer was caused by the substances alleged in his complaint, but his other responses proffer that he will support his claim by medical causation expert reports. ECF No. 21-4 at 3–4. Of course, this admission alone does not entitle Defendant to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's BNSF Railway Company's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge